IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:07-CV-498-D

| | | |
|---|---|---|
| ALLSTATE INSURANCE COMPANY, ALLSTATE INDEMNITY COMPANY, and ALLSTATE PROPERTY AND CASUALTY INSURANCE COMPANY, | ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | **ORDER** |
| TIMOTHY J. WEIR, D.C., MARK DENNIS COYNE, M.D., CAROL KOOISTRA, M.D., ROSE WEIR, SARAH NICOLE COLGAN, WENDY DAVIS, FIRST CHOICE FAMILY HEALTHCARE, P.C., and MED PLUS MANAGEMENT COMPANY, | ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

Plaintiffs filed ex parte motions seeking an order of prejudgment attachment and garnishment against the real and personal property of all defendants. Plaintiffs also move for an expedited hearing on their motions for prejudgment attachment and garnishment. Finally, plaintiffs move for an order sealing all the documents and filings in this case until the court rules on their motions for prejudgment attachment and garnishment, and for the appointment of a special process server. As discussed below, plaintiffs' motions are denied.

I.

Plaintiffs Allstate Insurance Company, Allstate Indemnity Company, and Allstate Property and Casualty Insurance Company (collectively, "Allstate") allege that they are the victims of a complicated insurance fraud scheme perpetrated by defendants Timothy J. Weir, D.C., Mark Dennis Coyne, M.D., Carol Kooistra, M.D., Rose Weir, Sarah Nicole Colgan, and Wendy Davis; as well as

First Choice Family Healthcare, P.C., and Med Plus Management Company. See Redacted Compl. ¶¶ 1–5. Defendant Kooistra is a resident of South Carolina, id. at ¶ 12, while all other defendants are either residents of North Carolina or North Carolina domestic corporations. Id. at ¶¶ 11, 13–17, 19. Essentially, Allstate alleges that Weir (a chiropractor) fraudulently operated a medical practice by recruiting medical doctors to serve as paper owners, then placing himself and other non-medical personnel in command of the practice, and thereafter overcharging patients' insurers and billing patients' insurers for unnecessary services. See id. at ¶¶ 21–30.

Allstate filed the complaint under seal, and has filed various motions relating to the allegedly confidential nature of the cause of action. See Letter from John T. Jeffries, Esq. to Dennis P. Ivarone, Clerk of Court, United States District Court for the Eastern District of North Carolina (Dec. 21, 2007). Allstate moves for ex parte orders of prejudgment attachment and garnishment against all real and personal property of the defendants up to the amount of $2,034,006.12. Pls.' Ex Parte Mot. for Attach. of Real Property 1; Pls.' Ex Parte Mot. for Garnishment of Personal Property 1. Allstate seeks an expedited hearing on these motions for prejudgment attachment and garnishment. Pls.' Mot. for Expedited Hr'g on Pls.' Ex Parte Mots. for Attach. of Real Property and Garnishment of Personal Property 1–2. Allstate also seeks an order sealing all the documents in this case until such time as the court rules on its motions for prejudgment attachment and garnishment. Pls.' Ex Parte Mot. for Leave to File Documents Under Seal 1. Finally, Allstate moves to appoint a special process server. Pls.' Mot. for Appointment of Special Process Server 1. The court addresses each motion seriatim below.

II.

Allstate moves for an order of prejudgment attachment against the real property, and an order of prejudgment garnishment against the personal property, of all defendants (collectively,

2

"attachment"). Pls.' Ex Parte Mot. for Attach. of Real Property 1; Pls.' Ex Parte Mot. for Garnishment of Personal Property 1. Under Federal Rule of Civil Procedure 64, "every remedy is available [in federal court] that, under the law of the state where the court is located, provides for seizing a person or property to secure satisfaction of the potential judgment." Fed. R. Civ. P. 64(a) (2007). The court therefore looks to North Carolina law.

Under North Carolina law, "[a]ttachment may be had in any action the purpose of which, in whole or in part, or in the alternative, is to secure a judgment for money . . . ." N.C. Gen. Stat. § 1-440.2. "All of a defendant's property within [North Carolina] which is subject to levy under execution, or which in supplemental proceedings in aid of execution is subject to the satisfaction of a judgment for money, is subject to attachment under the conditions prescribed by this Article." Id. § 1-440.4; accord White v. Ordille, 229 N.C. 490, 495, 50 S.E.2d 499, 502 (1948). In every case where the plaintiff requests attachment, "the plaintiff, or his agent or attorney in his behalf, must state by affidavit [that] . . . (a) [t]he plaintiff has commenced or is about to commence an action . . . to secure a judgment for money, and the amount thereof, (b) [t]he nature of such action, and (c) [t]he ground or grounds for attachment (one or more of those stated in [North Carolina General Statute] 1-440.3) . . . ." N.C. Gen. Stat. § 1-440.11(a). The plaintiff may also use a verified complaint rather than an affidavit. Id. § 1-440.11(b).

A.

Allstate seeks an order of attachment against the real and personal property of all defendants who reside in the state of North Carolina on the ground that these in-state defendants have attempted or will imminently attempt to secrete away assets so as to avoid paying a judgment in this case. See Pls.' Mem. of Law in Supp. of Pls.' Ex Parte Mots. for Attach. of Real Property and Garnishment of Personal Property 5–6 [hereinafter "Pls.' Mem."]. Under North Carolina law:

3

Case 5:07-cv-00498-BR   Document 37   Filed 01/07/08   Page 3 of 9

> [A]n order of attachment may be issued when the defendant is . . .
>
> (5) A person or domestic corporation which, with intent to defraud his or its creditors,
>   a. Has removed, or is about to remove, property from this State, or
>   b. Has assigned, disposed of, or secreted, or is about to assign, dispose of, or secrete, property.

N.C. Gen. Stat. § 1-440.3. "If it is alleged as a ground for attachment that the defendant has done, or is about to do, any act with intent to defraud his creditors," then the plaintiff must also allege by affidavit or verified complaint "the facts and circumstances supporting such allegation." Id. § 1-440.11(a)(2)(b), (b).

The plaintiff must allege the facts and circumstances supporting the allegation of fraud with particularity. See, e.g., In re Brokers, Inc., 2005 WL 2413461, at *4 (Bankr. M.D.N.C. Sept. 22, 2005). Moreover, the plaintiff must allege that the defendant has attempted or will imminently attempt to secrete away the property from which the plaintiff hopes to collect judgment. See, e.g., Hutchison v. Bank of North Carolina, 392 F. Supp. 888, 895 (M.D.N.C. 1975) (three-judge court) ("[T]he [attachment] statute is certainly restricted to circumstances in which the creditor is in immediate danger that the debtor will destroy or alienate the property sought to be attached."); Connolly v. Sharpe, 49 N.C. App. 152, 154–55, 270 S.E.2d 564, 566–67 (1980) (denying prejudgment attachment where plaintiffs alleged that defendants' fraudulent act consisted of burning down house to collect insurance payment, since "plaintiffs' mere suspicion that defendants committed a possibly unrelated fraudulent act will not support prejudgment attachment to prevent another anticipated fraudulent act"); see also In re Brokers, Inc., 2005 WL 241346, at *4.

Here, Allstate's motion fails on three grounds. First, Allstate has not complied with the affidavit requirement. Allstate's complaint is not verified, and even if it were, it does not allege "the ground or grounds for attachment," as required by N.C. Gen. Stat. § 1-440.11(a)(1)(c). See

4

generally Redacted Compl. Although Allstate has filed four affidavits describing with particularity the details of the alleged medical service fraud, none of these affidavits comply with N.C. Gen. Stat. § 1-440.11(a). See generally Brett Kelley Aff.; Mark A. Davini, D.C., D.A.B.C.N. Aff.; Jan Richardson, P.T., Ph.D., O.C.S. Aff.; Douglas M. White, D.P.T., O.C.S. Aff.

Moreover, Allstate's reliance on these affidavits reveals the second problem with its motion: Allstate conflates the fraud allegation forming the basis of its causes of action with the fraud allegation needed to obtain an order of attachment. Allstate argues in its memorandum of law that "[t]he very nature of the acts alleged [in the complaint and the affidavits] demonstrate[s] that defendants have acted with intent to defraud [Allstate]." Pls.' Mem. 6. Under Allstate's legal theory, a plaintiff would be entitled to attach an in-state resident's assets whenever fraud formed the basis of the plaintiff's cause of action. This legal theory conflicts with the "narrow and exceptional nature of the North Carolina pre-judgment attachment procedure." Hutchison, 392 F. Supp. at 895; see also Connolly, 49 N.C. App. at 154–55, 270 S.E.2d at 566–67.

Finally, Allstate does at times make the sort of allegations contemplated by the attachment statute, but it does so insufficiently. For example, Allstate argues in its memorandum of law that "[defendants] are likely to continue to secrete away money and property within and outside North Carolina, frustrating Allstate's ability to collect on any possible Judgment." Pls.' Mem. 6–7. This memorandum of law, however, is not an affidavit or a verified complaint. See N.C. Gen. Stat. § 1-440.11(a), (b). Similarly, the affidavit of Brett Kelley alleges that "there is a significant likelihood" that defendants will secrete assets if notified of the action before attachment is made "[g]iven the fraudulent and deceitful nature of defendants' actions." Brett Kelley Aff. ¶ 66. Although this is an affidavit, it is not made by the plaintiffs or the plaintiffs' attorney. See N.C. Gen. Stat. § 1-440.11(a). Moreover, even if both of these allegations were properly made, they are far too vague

5

and general to satisfy the attachment statute. See In re Brokers, Inc., 2005 WL 2413461, at *4 ("It is not sufficient to allege only fraud or an intent to defraud, but facts and circumstances showing the requisite intent must be stated."). Accordingly, because Allstate has failed to submit a compliant affidavit or verified complaint alleging that the in-state defendants have secreted or imminently will secrete away the assets from which Allstate hopes to collect a judgment, Allstate's motions for attachment are denied as against the in-state defendants.

B.

Allstate also seeks an order of attachment against the real and personal property of defendant Kooistra, who is allegedly a resident of South Carolina. See Pls.' Mem. 6; Redacted Compl. ¶ 12. Although a plaintiff may seek an order of attachment against any nonresident defendant, see N.C. Gen. Stat. § 1-440.3(1), Allstate has not filed an affidavit or a verified complaint meeting the statutory requirements. See id. § 1-440.11(a)(1), (b). Accordingly, Allstate's motions are also denied as against defendant Kooistra.

III.

Allstate seeks an expedited hearing on its ex parte motions for attachment. Pls.' Mot. for Expedited Hr'g on Pls.' Ex Parte Mots. for Attach. of Real Property and Garnishment of Personal Property 1–2. The court may order a hearing on any civil motion in its discretion. Local Civil Rule 7.1(i), EDNC. Allstate's attachment motions are appropriately resolved on the pleadings. Thus, the court denies Allstate's motion for an expedited hearing.

IV.

Allstate also moves to seal all the filings in this case pending the court's resolution of Allstate's attachment motions. Pls.' Mot. for Leave to File Documents Under Seal 1–2. Under Local Civil Rule 79.2(b), EDNC, the filing of a motion to seal tolls the time period for filing the

6

proposed sealed material. If the court grants the motion to seal, then the sealed material is deemed filed on the date that the court grants the motion. Id. However, if the court denies the motion to seal, then the movant has the option of filing the material openly on the same date that the motion to seal is denied, or of retrieving the material from the Clerk of Court. Id.

Here, Allstate requested that all materials in this case be sealed until such time as the court ruled on Allstate's motions for attachment. Pls.' Mot. for Leave to File Documents Under Seal 1–2. Because the court today denies Allstate's motions for attachment, Allstate's motion to file documents under seal is accordingly denied as moot. Allstate is hereby ordered to serve the unredacted complaint and the redacted complaint on defendants, and the Clerk of Court shall electronically docket the redacted complaint and plaintiffs' other filings (e.g., the various motions and memorandum of law). See Local Civil Rule 79.2(a), EDNC ("Absent statutory authority, no cases or documents may be sealed without an order from the court."); Local Civil Rule 7.4, EDNC ("Unless the related case is already under seal, an ex parte motion shall only be sealed upon specific order of the court."). Having considered the need to seal the unredacted complaint, the Clerk of Court is ordered to file the unredacted complaint under seal. See Local Civil Rule 79.2(a), EDNC; Hall v. United Air Lines, Inc., 296 F. Supp. 2d 652, 678–80 (E.D.N.C. 2003).

V.

Finally, Allstate moves the court to appoint Blackman Detective Services as the special process server in this case. Pls.' Mot. for Appointment of Special Process Server 1. Allstate makes this motion pursuant to Federal Rule of Civil Procedure 4(c)(2), which provides that "[a]ny person who is at least 18 years old and not a party may serve a summons and complaint." Fed. R. Civ. P. 4(c)(2). Allstate notes in its motion that Blackman Detective Services consists of persons who are over age 18 and not parties to this action, see Pls.' Mot. for Appointment of Special Process Server

7

1, and the plain language of the rule indicates that the court need not specially appoint Blackman Detective Services before they may legally serve process.

To the extent that Allstate is relying on the pre-amendment version of Rule 4(c)(2), that language is now found in Federal Rule of Civil Procedure 4(c)(3).[1] That rule provides that "the court may order that service be made by a United States marshal or deputy marshal or by a person specially appointed by the court." Fed. R. Civ. P. 4(c)(3). Because the Rules have greatly expanded the universe of persons who may serve process, "a court appointment will be necessary only when the process server needs to be invested with the authority that accompanies a court order." 4A Charles Allen Wright, et al., Federal Practice & Procedure § 1091 (3d ed. 2002). Accordingly, any motion for appointment of a special process server should indicate why that authority is necessary to accomplish service of process. Id.

Here, Allstate merely requests the appointment of Blackman Detective Services. See Pls.' Mot. for Appointment of Special Process Server 1. Allstate does not argue that Blackman needs special court authority to accomplish service, nor does it indicate why special authority would be necessary. See generally id. Accordingly, Allstate's motion for appointment of a special process server is denied. No court order is necessary to allow Blackman to serve process, but if Allstate feels that special court authority is needed, it must describe the reasons supporting its motion with particularity.

VI.

For the reasons described above, Allstate's Ex Parte Motion for Attachment of Real Property, Ex Parte Motion for Garnishment of Personal Property, Motion for an Expedited Hearing, and

---

[1] Rule 4(c) was amended effective December 1, 2007.

8

Motion for Appointment of a Special Process Server are all DENIED. Allstate's motion to file documents under seal is DENIED as moot. Allstate is hereby ORDERED to serve the unredacted complaint and redacted complaint on defendants, and the Clerk of Court shall electronically docket the redacted complaint and plaintiffs' other filings (e.g., the various motions and memorandum of law). The Clerk of Court shall file the unredacted complaint under seal.

SO ORDERED. This 7 day of January 2008.

JAMES C. DEVER III
United States District Judge